SARTAIN, Judge.
This matter is before us on a motion by defendants-appellees to dismiss the appeal of plaintiff-appellant on the grounds that said appellant has failed to timely file his bond in order to properly perfect his de-volutive appeal.
The undisputed facts are as follows: Plaintiffs instituted a tort action against defendants in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. After a trial on the merits judgment was rendered in favor of defendants dismissing plaintiff’s suit at his costs. This judgment was signed by the trial judge on January 31, 1967. On May 4, 1967, the ninety-third day after the aforesaid judgment was signed, plaintiff obtained from the district court an ex-parte order allowing him to prosecute a devolutive appeal in forma pauperis. On May 12, 1967, defendants filed in this court a motion to have the matter remanded to the district court for the limited purpose of affording said defendants an opportunity of traversing the oath of poverty filed by plaintiff. On May 16, 1967, we issued the following order:
“It is hereby ordered that this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, for the limited purpose of traversing the oath of poverty filed by plaintiff-appellant, and in the event of an adverse judgment, for the furnishing of a sufficient bond in accordance with LSA CCP 5124, 5125 and 5126.” (Emphasis added)
Defendants successfully traversed plaintiff’s affidavits of poverty and by order dated June 22, 1967, the 19th Judicial District Court recalled and vacated its previous order allowing plaintiff to proceed in forma pauperis and set a devolutive appeal bond in the amount of $250.00. Bond in this amount was furnished by plaintiff on July 11, 1967, nineteen calendar days or twelve legal days following the order of June 22, 1967.
Appellee urges that by virtue of the district courts revocation of its previous order permitting appellant to prosecute his appeal in forma pauperis LSA-C.C.P. Art. 2087 is applicable and controlling here. Said C.C.P. Art. 2087 provides that a devolutive appeal may be taken and security therefor furnished, only within ninety days of the expiration of the delay for applying for a new trial, if no application for a new trial has been made, as is true in this case. Accordingly, *468 under these provisions plaintiff had until May 4, 1967 within which to perfect his devolutive appeal by (a) obtaining an order of appeal and (b) furnishing the required security.
Appellant contends that LSA-C.C.P. Art. 2087 has been complied with for the reason that an order for a devolutive appeal was granted by the district court on the ninety-third day and that said order authorized the prosecution thereof in forma pauperis and that both the granting of an appeal and the waiver of security were timely. Appellant further cites authority for the well established rule that appeals are favored in law and should not be dismissed for technicalities. In conclusion appellant stresses that the law of Louisiana is silent with respect to delays accorded to an appellant whose previous affidavits of poverty have been successfully traversed and that “there is too much doubt lingering as to the grounds why this appeal should be dismissed for it to be dismissed * * *
As the parties herein suggest we have been unable to find any case similar to the factual issues presented herein and recognize that this matter is one of first impression. However, for reasons hereinafter stated, we are of the opinion that this matter is governed by the express provisions of LSA-C.C.P. Art. 5124.
The applicable codal provisions are LSA-C.C.P. Arts. 2087, 2088, 5124, and 5181 which read as follows:

C.C.P. Art. 2087

“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(1)The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.” (Emphasis Added)

C.C.P. Art. 2088

“The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. Thereafter, the trial court shall have no jurisdiction over the case except: to tax the costs incurred in the trial court; to test the solvency of the surety on the appeal bond as of the date of its filing or subsequently; to consider objections to the form, substance, cmd sufficiency of the appeal bond, cmd permit the curing thereof, in accordance with Article 5124; and as provided by Articles 2125, 2131, and 2132." (Emphasis Added)

C.C.P. Art. 5124

“Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.
The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.
The furnishing of a supplemental bond, or the furnishing of a new bond by a differ *469 ent surety, does not discharge or release the surety on the original bond; and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be j oined in an action on the bond.”
and

C.C.P. Art. 5181

“A person who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor.
As used in this chapter: ‘judicial proceeding’ includes a rule for contempt for failure to pay alimony or child support ordered by the court, but otherwise excludes an action for a divorce or for a separation from bed and board; and ‘person’ means an individual who is a citizen of this state, or an alien domiciled therein for more than three years. As amended Acts 1964, No. 336, § 1.”
At the outset, it should be noted that C.C.P. Art. 5181 pertains to the waiver of costs for an indigent party litigant. It has nothing to do with the delays for perfecting of an appeal. Accordingly, when the provisions of this article are invoked, it must be viewed in accordance with C.C.P. Art. 2087, which latter article concerns itself with delays accorded an aggrieved litigant and specifically sets forth the requirements necessary to perfect an appeal. A timely waiver of costs as permitted by C.C.P. Art. 5181 satisfies the requirements of C.C.P. Art. 2087 when an order for appeal is taken within the permitted delays. It is clear that C.C.P. Art. 2087 announces two equally important requirements, one as to the timeliness of the motion for appeal, and the second as to the furnishing of security. The delays authorized for each requirement run concurrently and are of equal weight.
C.C.P. Art. 2088 clearly provides for appeals in both instances, that is, where bonds are required and where bonds are waived. The latter portion of this article specifically makes reference to C.C.P. Arts. 5124, 2125, 2131, and 2132. It therefore must follow that in cases where the delays for furnishing proper bond necessary to perfect an appeal where the delays for so doing have expired and where there is a successful objection to the “form, substance, and sufficiency of the appeal bond” C.C.P. Art. 5124 is applicable. An examination of all the articles in the Code of Civil Procedure relative to delays for the perfection of an appeal clearly reflects that there is but one exception to the delays permitted by C.C.P. Art. 2087, and that is the additional four days sanctioned by C.C.P. Art. 5124. To hold otherwise would leave in complete limbo the matter of just when a valid and sufficient bond is required to be furnished following the recall and rescission of an order of waiver of costs which was subsequently found to be unauthorized. In our opinion, there is no difference between the situation where an appellant fails to satisfy the “form, substance, and sufficiency” of an appeal bond and the case where an appellant has unsuccessfully invoked the provisions authorizing litigation in forma pauperis. In either case said appellant should be governed by and have the benefit of C.C.P. Art. 5124 where there is no showing or contention that the improper bond or waiver of costs was the result of arbitrary action on the part of the appellant.
While we recognize that appeals are not to be dismissed on technicalities, there is an equally well settled rule of law that an appellant must timely apply for and perfect an appeal within the particular delays authorized. In the case at bar, appellant urges only that the law under the particular facts of this case is vague and indefinite and that he should not be penalized' therefor. We do not find that the law is vague and indefinite under the particular facts of this case and refer appellant to our *470 original order of remand quoted above wherein we specifically referred to C.C.P. Art. 5124.
For the above and foregoing reasons the motion is granted and the appeal dismissed at appellant’s costs.
Appeal dismissed.