315 So.2d 901 (1975)
Robert BRUMFIELD
v.
COMMUNITY MOBILE HOMES, INC.
No. 10377.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Allen B. Pierson, Jr., Ponchatoula, for appellant.
Leonard E. Yokum, Jr., Hammond, for appellee.
*902 Before LOTTINGER, COVINGTON and BAILES, JJ.
COVINGTON, Judge:
We dismiss this appeal on our own motion for lack of jurisdiction, since the devolutive appeal was not timely perfected.
The judgment in the instant case was signed on February 22, 1974, dismissing the plaintiff's claim for damages under the Federal Truth in Lending statute, 15 U.S.C.A. § 1640. There was no application for a new trial. On March 18, 1974, the plaintiff's motion for devolutive appeal was granted conditioned on his furnishing bond in the amount of $300.00. No bond has been furnished.
On September 6, 1974, without having posted bond, the plaintiff presented to the trial court a formal motion seeking authorization to appeal in forma pauperis. The trial court, on that date, ordered that the plaintiff be allowed to appeal in forma pauperis. The record shows that the plaintiff, prior to his motion on September 6, 1974, had not litigated the suit in the court below as an indigent. The record also shows that the appellee has not filed a motion to dismiss the appeal.
It is elementary that the Court of Appeal must, on its own motion, notice its lack of jurisdiction; LSA-C.C.P. Art. 2162; Uniform Rules of Courts of Appeal, Rule VII, Sec. 5(c); Broussard v. Daigle, 295 So.2d 227, 228 (La.App. 3rd Cir. 1974); Siracusa v. Kramer, 271 So.2d 546, 547 (La.App. 1st Cir. 1972), writ refused, 273 So.2d 843 (La.1973).
In the instant case the plaintiff timely moved for a devolutive appeal which was granted conditioned upon his furnishing a bond in the amount of $300.00, which bond was never posted. Instead of furnishing said appeal bond, the plaintiff moved for and was granted, on September 6, 1974, authorization to appeal in forma pauperis.
We are, therefore, called upon to consider the effect of the plaintiff's motion to proceed in forma pauperis; see LSA-C.C.P. Art. 5181. The purpose of Article 5181 is to authorize an indigent person to litigate without prior payment of costs or furnishing bond, and is to be liberally construed; Hollier v. Broussard, 220 So.2d 175, 177 (La.App. 3rd Cir. 1969). Generally, a litigant may apply in any stage of the proceeding for the privilege of continuing his suit as an indigent, even after judgment on the merits against him, and even in the Court of Appeal after the transcript has been prepared; Malveaux v. Buller, 131 So.2d 571, 572 (La.App. 3rd Cir. 1961). However, it is clear that Article 5181 of the Code of Civil Procedure pertains to the waiver of costs and bonds for an indigent litigant; it is not concerned with the delays for perfecting an appeal. Hence, when this article is invoked it must be considered in accordance with Article 2087 of the Code of Civil Procedure, which pertains to the delays granted to an aggrieved litigant and to the requirements for perfecting a devolutive appeal; Evans v. Livingston People's Gas Corp., 205 So.2d 466, 469 (La.App. 1st Cir. 1967).
We have already held in a case like the instant one that a motion and order to proceed in forma pauperis must be filed within the delays provided by the Code of Civil Procedure for filing an appeal bond in order for such to be effective. In Wilkerson v. Luneau, 198 So.2d 183, 184 (La.App. 1st Cir. 1967), wherein the order of the trial court of the instant nature was considered, we said:
"This order, the purpose of which was to permit the plaintiff-appellant to prosecute this appeal in forma pauperis, is of no effect. The order was obtained after the elapse of the delay provided by LSA-C.C.P. Article 2087 for the filing of the appeal bond. Also see LSA-C.C.P. Articles 1913, 1974 and 2088.
"For the order of the trial court permitting the plaintiff to further prosecute his *903 case without pre-payment of court costs, or as they accrue, or to give bond for costs, to be effective and to operate as a dispensation of an appeal bond, it would have been necessary for such order to have been rendered during the period provided by law for the filing of the appeal bond."
Consistent with the Luneau case, supra, is the observation by the Court in Hyatt v. Hartford Accident & Indemnity Co., 225 So.2d 102, 104 (La.App. 3rd Cir. 1969), writ refused, 254 La. 841, 227 So.2d 590 and 254 La. 847, 227 So.2d 592 (1969):
"An appellant may not circumvent the time limitations for perfecting an appeal by filing a motion to proceed in forma pauperis after the delays for perfecting the appeal and for furnishing the appeal bond have elapsed."
In response to a show cause order issued by this Court, as to why the case should not be dismissed for the reasons stated above, the counsel for Brumfield contends that the appeal was timely. The basis of this argument is that various orders of extension of time to prepare the transcript were granted by the trial court upon applications of the Clerk of Court, and that the order permitting him to proceed in forma pauperis was signed prior to the expiration date of the last such extension of time.
The statutory delays for perfecting an appeal, set forth in the Code of Civil Procedure, are not affected by such extensions of time and, therefore, this argument is without benefit to Brumfield.
Accordingly, we hold that jurisdiction to hear a devolutive appeal vests in the Court of Appeal only when the appellant has obtained an order of appeal and has filed the appeal bond or, in lieu of the bond, has properly obtained an order to proceed in forma pauperis, within the 90 day delay period. Thus, the trial court's order on September 6, 1974, to proceed in forma pauperis was not timely and is without legal effect; see Wilkerson v. Luneau, supra.
For the reasons assigned, it is ordered that the plaintiff's appeal be and the same is hereby dismissed at plaintiff's cost.
Appeal dismissed.