COVINGTON, Judge:
We dismiss this appeal on contradictory motion of defendant-appellee, The Prudential Insurance Company of America, for lack of jurisdiction, since the devolutive appeal was not timely perfected.
The judgment in the instant case was rendered on May 29, 1975, and signed by the trial court on June 3, 1975, dismissing plaintiffs claim for damages arising out of a credit life insurance policy. There was no application for a new trial. On August 29, 1975, the plaintiff’s motion for devolutive appeal was granted conditioned on the plaintiff furnishing bond in the amount of $500.00. On October 22, 1975, without having furnished bond, the plaintiff obtained an ex parte order modifying the previous appeal order and allowing the plaintiff, Lillie Mae Le Duff, to proceed with the appeal in forma pauperis. The record shows that the plaintiff, prior to the ex parte motion on October 22, 1975, had not litigated the suit in the trial court as an indigent.
On October 28, 1975, defendant-appellee filed a rule to show cause why the order allowing the plaintiff to proceed in forma pauperis should not be set aside and the appeal dismissed on the grounds that the delay for perfecting the appeal expired on September 8, 1975, and no bond has been furnished.
The plaintiff-appellant’s basic contentions are first, that LSA-C.C.P. art. 2087 pertains only to the situation where security is required, so that plaintiff herein, having obtained an indigency order under LSA-C.C.P. art. 5181, is not bound by any time limitation in which to obtain an order allowing her to proceed in forma pauperis; and second, that the indigency order modified the appeal order so that the order relates back to August 29, 1975, and is thus timely.
We have answered both of the plaintiff - appellant’s contentions adversely to her in Donica v. Donica, 324 So.2d 847, 851 (La. App. 1st Cir. 1975) and Brumfield v. Community Mobile Homes, Inc., 315 So.2d 901 (La.App. 1st Cir. 1975).
In the Donica case, the judgment was signed on April 18, 1975. The application for a new trial was denied June 10, 1975. On June 19,1975, the appellant obtained an order for a devolutive appeal. On July 7, 1975, the appellant furnished bond in the amount of $2000.00. On July 16, 1975, a motion to test the surety was filed. This motion was heard on July 24, 1975 and it was admitted that the security was inadequate. On the same date, July 24,1975, the appellant moved to prosecute the appeal in forma pauperis. The court denied the request as untimely and remarked:
“The timely filing of a bond or obtaining an order to proceed in forma pauperis is essential to the perfection of an appeal and relate directly to the question of jurisdiction and must be strictly complied with.
“Assuming, arguendo, that plaintiff’s circumstances were such that at any time between June 10, 1975 and July 10, 1975, the period afforded her to perfect an appeal, she was entitled to proceed in forma pauperis, it behooved her to petition the court to do so. Having failed in this regard and having elected to perfect her appeal by the furnishing of security she must comply with the provisions of C.C.P. Art. 5124 which grants her an additional four days, exclusive of legal holidays, following the rendition of a judgment holding the bond insufficient or invalid to furnish new security.
“We fully recognize that appeals are favored in law. However, we know of no procedure (and none has been cited) that permits a pauper order to be substituted *74 in lieu of a surety bond after the delays for perfecting an appeal have expired. The privilege to proceed under C.C.P. Art. 5181 is one that all indigent litigants should have every reasonable opportunity to avail themselves. But it must be done within the appropriate delays and can not be used as a means to extend, either intentionally or by result, the delays for perfecting an appeal. There is but one exception that we know of whereby an insufficient bond may be corrected and those are the four days permitted under C.C.P. Arts. 5124 and 5126.”
In Brumfield, the judgment was signed on February 22, 1974. There was no application for a new trial. On March 18, 1975, a devolutive appeal was taken. No bond was ever furnished. On September 6,1974, the appellant moved to appeal in forma pauperis. On its own motion, this court dismissed the appeal as not having been timely perfected, holding that an order allowing plaintiff to further prosecute his case without pre-payment of court costs, or as they accrue, or to furnish bond must be obtained during the period of time provided by law for the filing of the appeal bond. The time limitations for perfecting an appeal may not be successfully circumvented by seeking an order to proceed in forma pauperis after the delays for perfecting an appeal have elapsed.
The reason for this is that once the delays have elapsed, the action is ended. There is no longer any matter before the courts in which a party can exercise his privilege of litigating without prior payment of costs accorded him by LSA-C.C.P. art. 5181.
The pauper statutes do not grant an indigent person an infinite length of time in which to ask for this special privilege. They grant such a person relief from the obligation of paying court costs in advance, so that he will not be deprived of his day in court merely because of his poverty or lack of means.
In the instant case, it is not the poverty or lack of means of the appellant which bars her further prosecution of this suit. The right existed; however, the effort to exercise such right was not well-timed.
Accordingly, it is ordered that the plaintiffs appeal be and the same is hereby dismissed at the plaintiff’s cost.
APPEAL DISMISSED.