LEMMON, Judge.
This appeal presents the first opportunity for appellate consideration of a dismissal of an appeal based on late payment of estimated costs of appeal after expiration of the 20-day period for payment provided by C.C.P. art. 2126, as amended by Act No. 198 of 1977.
After plaintiff’s tort suit was dismissed on an exception, she obtained a timely order *1254 of appeal on January 19, 1978. She also furnished an appeal bond (signed by her and a surety) in the amount of $1,000.00, although security was no longer required for a devolutive appeal.[1] See C.C.P. art. 2124, as amended in 1977.
On January 23, 1978 the clerk sent a notice by certified mail to plaintiff’s attorney of the amount of estimated costs. The notice was received on January 24, but plaintiffs counsel did not pay the estimated costs until March 17 (which was the return day originally set by the trial court).
On March 28 defendant filed a motion to dismiss the appeal, based on plaintiff’s failure to pay the estimated costs within the 20-day delay provided in C.C.P. art. 2126. After a hearing the trial court granted the motion to dismiss the appeal on May 22, 1978. Plaintiff appealed from that judgment on May 30, 1978, and the judgment dismissing the appeal is now before us for review.
I
Defendant argues that dismissal was the appropriate action under the circumstances of this case because plaintiff’s counsel “flagrantly disregarded” most of the court orders relating to appearances and filing of memoranda.[2] However, the appropriate action when an attorney fails to obey a trial court’s notice to attend a hearing or to file a memorandum is citation of the attorney for contempt and not dismissal of the client’s appeal. Therefore, an attorney’s disregard for court orders during the proceedings leading up to the judgment appealed from is not a proper basis, standing alone, for dismissal of the appeal from that judgment.
II
C.C.P. art. 2161 provides that no appeal shall be dismissed because of an irregularity, error or defect, unless imputable to the appellant. This article has been construed to authorize dismissal of an appeal when there is an irregularity, error or defect imputable to the appellant. Thus, prior to January 1, 1978 (the effective date of the 1977 amendment to C.C.P. art. 2126) appeals were frequently dismissed when the record on appeal was not lodged by the return day because the costs of appeal had not been paid within the period provided in C.C.P. art. 2126 (which, prior to the effective date of the 1977 amendment, was three days before the return day), even if the fault was not that of the appellant, but rather that of the appellant’s attorney, since the attorney’s fault was deemed imputable to the appellant.
One basis for the 1977 legislative changes in appellate procedure, proposed by the Louisiana State Law Institute, was the recognition that the return day was designed as a deadline for the clerk to lodge the record and that a separate and distinct period should be specified for payment of costs by the appellant. Lemmon & Maraist, Simplifying Appellate Procedure, XXV La. Bar Jour. 193 (1977). C.C.P. art. 2126 was accordingly amended to provide for notice of the estimated amount of costs due (another deficiency under prior law) and to provide a period of 20 days from the mailing of the notice for payment of this amount.
Significantly, the amended article also eliminated mandatory dismissal as the only available penalty when costs were not paid timely. Since such failure was often the result of a busy attorney’s oversight or a careless attorney’s negligence, and since dismissal of the appeal often penalized an innocent client, the article was expanded to give the trial court authority, according to the circumstances, to extend the time for payment, or to impose a fine on the appellant or his attorney, or to dismiss the appeal.
*1255 It is evident that the 1977 amendment to C.C.P. art. 2126, which permits a fine as an alternative to dismissal of the appeal, was designed to provide for flexibility in penalties in recognition of the public policy of this state that appeals are favored and should be maintained whenever possible. Significantly, the amendment also provides for imposition of the penalty on the offender rather than on an innocent person.[3] Therefore, fault of the appellant’s attorney can no longer reasonably be imputed to the appellant, since there is a separate penalty available when the fault is that of the attorney.
Of course, imposition of some penalty is necessary to insure prompt payment of costs and thus to promote prompt and efficient handling of appeals. However, since maintenance of appeals is always favored, the most extreme penalty of dismissal should be reserved for extreme situations, such as when the appeal has clearly been abandoned or the litigant refuses or fails without justification to pay costs or otherwise to proceed with the appeal, and the fault is therefore clearly that of the appellant.
In the present case there is no indication that the tardy payment was the fault of the appellant. Significantly, the costs were paid (although 32 days late) before filing of the motion to dismiss.[4] This payment was thus a meaningful manifestation of the litigant’s intention not to abandon the appeal. Also noteworthy was the fact that the litigant herself had executed an appeal bond which (though unnecessary) also demonstrated her intention to follow through with the appeal.
This case, therefore, is one of simple tardiness, which, of course, should not be condoned, but which should be punished (now that more, appropriate sanctions are available to punish the offender who should suffer the penalty) by a penalty which does not redound to the extreme detriment of the innocent litigant.[5]
Under the circumstances of this case, when considered in relation to the evident intention of the 1977 amendment to C.C.P. art. 2126 and to the long-standing public policy that maintenance of appeals is favored, dismissal of the appeal is too extreme a penalty and, more importantly, penalizes the wrong person. The appeal must be reinstated, but since imposition of a more appropriate penalty falls within the wide discretion of the trial court, the motion which led to the dismissal is remanded for imposition of an appropriate penalty.[6]
DECREE
The judgment of the trial court dismissing the appeal is set aside and the appeal reinstated. The motion to dismiss the appeal is remanded to the trial court for imposition of an appropriate penalty, and the clerk of this court is ordered to place the reinstated appeal on the calendar for disposition when this judgment becomes final and definitive. Assessment of court costs will await final disposition of the action.

JUDGMENT DISMISSING APPEAL SET ASIDE, APPEAL REINSTATED, MOTION REMANDED.

. The trial judge, in granting the order of appeal, properly struck out that portion of the motion relating to the furnishing of security.

. Defendant points out plaintiffs counsel failed to appear at a rule to traverse an order to proceed in forma pauperis; appeared for a pretrial conference held at his request, but failed to file a pre-trial memorandum as ordered; waived appearance at the hearing on the decli-natory exception; and failed to appear at the hearing on the application for new trial.

. This change was intended to benefit the client, as well as the usually diligent lawyer who may slip once, while retaining penalties for chronic offenders.

. This comment should not be construed to mean that an appellant or his attorney can purge himself of fault by late payment prior to the filing of a motion based on late filing and thus escape any penalty. A penalty may still be imposed, in the absence of justifiable circumstances, but the appropriateness of the penalty must be determined in the light of all circumstances. The fact of payment (although late) and the degree of tardiness are proper circumstances to consider in determining the appropriate penalty.

. We emphasize that timely payment of the costs of appeal is a procedural matter, involving a detail necessary for efficient court administration, and not a substantive matter involving vesting of jurisdiction or finality of judgments or running of prescription.

. Lemmon, J., notes that the preferable action is for this court to render judgment fixing the next most severe penalty, but concurs in the result in order to prevent further delay in disposition of the now-reinstated appeal.