LOTTINGER, Judge.
Defendant-appellee has filed this motion to dismiss this appeal on the grounds that plaintiff-appellant did not pay the costs of the appeal timely nor did plaintiff qualify in forma pauperis within the time period allowed by law.
We glean the following facts from the record that are relevant to a resolution of this motion. Suit for damages was filed on January 10, 1977. Subsequently on April 11, 1978, an order to proceed in forma pau-peris was signed by the trial court. Judgment was signed on January 19, 1981 with *1271 an appeal order signed on March 19. An extension of the return day was granted by the trial court on May 15, with an extension by this court granted on June 19. A second forma pauperis order was signed by the trial court on June 10, and the appeal was lodged on July 16, 1981.
Defendant-appellee cites LeDuff v. Prudential Insurance Company of America, 345 So.2d 72 (La.App. 1st Cir. 1976); Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir. 1975); Brumfield v. Community Mobile Homes, Inc., 315 So.2d 901 (La.App. 1st Cir. 1975) for the rule that a forma pauperis order must be obtained timely, that is within the time provided to perfect an appeal. Thus, since the judgment was signed on January 19, 1981, and the second forma pauperis order was not signed until June 10, the order is not timely, and the appeal must be dismissed. We find these cases inappo-site.
Defendant-appellee mentions in its brief the date of the original forma pauperis order, but after mentioning same seems to forget that this order was ever signed. The importance of this order is that it was never rescinded by the trial court.
La.C.C.P. art. 5185 in part provides:
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
“(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;

“(4) The right to a devolutive appeal, and to apply for supervisory writs.
“He is not entitled to a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor. “No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter.”
Thus once the trial court allowed plaintiff to proceed in forma pauperis and did not rescind the order, the second forma pauper-is order was not necessary, and plaintiff could perfect a devolutive appeal “without paying the costs in advance, or as they accrue, or furnishing security therefor.” La.C.C.P. art. 5181.
Therefore, for the above and foregoing reasons, the motion to dismiss is denied at defendant-appellee’s cost. MOTION DENIED.