CUTRER, Judge.
Leon Bourque filed a petitory action against defendant, Mrs. Easton Singleton, on April 18, 1977. Trial on the merits was held and judgment was rendered in favor of plaintiff on February 14, 1980.
On March 14, 1980, defendant filed a motion and order of appeal, which order was executed by the court on that date upon condition that defendant furnish estimated costs in the amount of $300.00. The return date of the appeal was May 9, 1980.
The estimated costs were not paid. Subsequent to May 29, 1980, the defendant submitted to the minute clerk of the district court another motion and order for appeal with attached affidavits seeking to appeal in forma pauperis. The trial court declined to execute this new motion and order for appeal. On June 26, 1980, defendant’s counsel, after being advised of this denial, mailed to this court a request for execution of this motion and order for appeal. By letter from the clerk of this court dated September 11, 1980, the motion and order for appeal was returned unsigned to counsel for defendant advising him that the order should be presented to the district court under the provisions of LSA-C.C.P. art. 2126.
On November 24, 1980, counsel for defendant filed a motion for devolutive appeal without payment of costs. A hearing on this motion to appeal was held, and in reasons for judgment dated March 5, 1981, the district court denied defendant’s motion to appeal.
Formal judgment denying defendant’s motion to appeal was executed on September 12,1981. Defendant has appealed from this adverse judgment. We affirm.
The district court, in its reasons for judgment dated March 5, 1981, correctly denied the appeal of defendant indicating that the months of delay, without any effort being made to proceed in forma pau-peris or to pay the estimated costs of appeal, constituted more than mere tardiness, and that to allow this appeal not only would be counter to legislative intent but, in effect, would make appeals endless.
An order allowing a person to further prosecute his case without prepayment of court costs or to furnish bond, roust be obtained during the time provided by law for perfecting this appeal. The time limitations for perfecting an appeal may not be successfully circumvented by seeking an order to proceed in forma pauperis after the delays for perfecting an appeal have elapsed. Brumfield v. Community Mobile Homes, Inc., 315 So.2d 901 (La.App. 1st Cir. 1975).
In this case, no effort was made by defendant to pay or to object to the estimated costs contained in the motion and order for appeal dated March 14,1980, and in fact, no attempt was made to appeal in forma pau-peris until more than 105 days after the judgment on the merits and more than 74 days after the filing of the first motion and order for appeal containing the estimated costs.
The defendant waited another 74 days after receiving the unsigned motion and order for appeal from the clerk of this court before presenting a new motion for appeal to the district court for determination.
The reasoning of the court in the case of Le Duff v. Prudential Ins. Co. of America, 345 So.2d 72, 74 (La.App. 1st Cir. 1976) is applicable to the case at hand. The court in Le Duff stated as follows:

*79
“The pauper statutes do not grant an indigent person an infinite length of time in which to ask for this special privilege. They grant such a person relief from the obligation of paying court costs in advance, so that he will not be deprived of his day in court merely because of his poverty or lack of means.

“In the instant case, it is not the poverty or lack of means of the appellant which bars her further prosecution of this suit. The right existed; however, the effort to exercise such right was not well-timed.”

Accordingly, the judgment of the trial court is affirmed. All costs are assessed against the defendant-appellant.
AFFIRMED.