FORET, Judge.
MOTION TO DISMISS
The defendant-appellee, Richard E. Chau-doir, moves to dismiss the appeal of the plaintiff-appellant, Nora Jean Hamilton Chaudoir, on the grounds that the appellant’s appeal was not timely taken. We dismiss the appeal.
The facts succinctly stated are as follows:
Nora Jean Hamilton Chaudoir, plaintiff-appellant, filed a rule against Richard E. Chaudoir, defendant-appellee, for past due alimony and child support and for an increase in amount of child support fixed by a previous judgment signed July 2, 1975. A rule was filed by Richard E. Chaudoir against Nora Jean Hamilton Chaudoir to terminate alimony fixed by the July 2, 1975 judgment and to fix certain visitation rights with the minor child, Elizabeth Jean Chaudoir. Both rules were tried together and a joint judgment was rendered on August 7,1981; the judgment was signed November 30, 1981 and notice of judgment mailed the same day. The plaintiff-appellant filed a motion and order for appeal on January 29, 1982.
Applicable here are LSA-C.C.P. arts. 3942-3943, as follows:
Art. 3942. Appeal from judgment granting or refusing annulment, separation, or divorce
An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)-{3).
Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.
Art. 3943. Appeal from judgment awarding custody or alimony
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.
It is clear from a reading of the above articles that plaintiff-appellant’s appeal was not timely perfected. The judgment was signed November 30, 1981 and no notice of judgment was required or requested. Therefore, the delays for filing a motion for a new trial began to run on the next day, November 81, 1981, and expired on the seventh day thereafter, exclusive of legal holidays, or on December 9, 1981. The plaintiff-appellant did not apply for a new trial, therefore the appeal delays began to run on December 10, 1981. The last day on which plaintiff-appellant could have timely appealed was January 8, 1982. The appeal is therefore dismissed at defendant-appellant’s costs.
APPEAL DISMISSED.