430 So.2d 280 (1983)
Nora Jean Hamilton CHAUDOIR, Defendant-In-Rule-Appellant,
v.
Richard E. CHAUDOIR, Plaintiff-In-Rule-Appellee.
No. 82-308.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
MacAllyn J. Achee, Baton Rouge, for plaintiff-appellant.
James C. Downs of Downs & Downs, J. Marc Lampert, Alexandria, for defendant-appellee.
Before FORET, CUTRER and DOUCET, JJ.
*281 FORET, Judge.
Nora Jean Hamilton Chaudoir (Mrs. Chaudoir) filed a rule against Richard E. Chaudoir (Mr. Chaudoir) to make past-due alimony and child support payments executory, and for an increase in the amount of child support fixed by a judgment signed on July 2, 1975, decreeing an absolute divorce between the parties. Mr. Chaudoir also filed a rule against Mrs. Chaudoir to terminate alimony fixed by the divorce judgment, and to fix certain visitation rights with the parties' minor child, Elizabeth Jean Chaudoir. Both rules were tried together by consent of the parties.
The trial court, after hearing the rules, rendered judgment on November 30, 1981, in favor of Mrs. Chaudoir, ordering Mr. Chaudoir to pay her the sum of $9,300, representing past-due alimony and child support through August 1, 1981, and amending the above mentioned divorce judgment to increase the amount of child support to $350 per month commencing August 1, 1981. The trial court further rendered judgment in favor of Mr. Chaudoir, amending the divorce judgment to terminate alimony for Mrs. Chaudoir, effective August 1, 1981, and awarding Mr. Chaudoir certain visitation rights with the child.
Mrs. Chaudoir appeals from the trial court's judgment, contending that it erroneously failed to award her legal interest from the date each alimony and child support payment was due but not paid. In response, Mr. Chaudoir filed a "MOTION TO DISMISS APPEAL AND ALTERNATIVELY, ANSWER TO THE APPEAL" in this Court. In his motion, Mr. Chaudoir contended that Mrs. Chaudoir's appeal had been filed after the delays for taking an appeal had expired.

FACTS
This Court, in Chaudoir v. Chaudoir, 421 So.2d 256 (La.App. 3 Cir.1982), rendered judgment, finding that Mrs. Chaudoir had failed to timely perfect her appeal and dismissed it. Mrs. Chaudoir subsequently submitted a petition for rehearing, alleging that this Court had erred in dismissing her appeal. A rehearing was granted and, in Chaudoir v. Chaudoir, supra, on rehearing, 421 So.2d 257 (La.App. 3 Cir.1982), we held that:
"In our initial review of this appeal, we failed to recognize that one of the issues on appeal was the trial court's failure to grant legal interest on the award of past due alimony and child support.
`A rule to fix past due alimony is not a "judgment awarding ... alimony" within the contemplation of LSA-C.C.P. Art. 3943.' Mertens v. Mertens, 308 So.2d 506 (La.App. 3rd Cir.1975).
The appellant timely filed the appeal under the provisions of C.C.P. Art. 2087 which provides a sixty day limitation. Therefore, the appeal from that portion of the judgment not awarding legal interest on the past due alimony and child support is hereby reinstated. The dismissal as to all other elements of the appeal is affirmed at appellant's cost." (Emphasis ours.)
Meanwhile, Mr. Chaudoir filed another motion to dismiss Mrs. Chaudoir's appeal in the trial court, alleging that she had failed to timely pay the estimated costs of her appeal. The trial court, after hearing the motion to dismiss, rendered judgment in favor of Mrs. Chaudoir, denying the motion. The trial court further rendered judgment against Mrs. Chaudoir's attorney, assessing a $50 fine against him as provided by law. See LSA-C.C.P. Article 2126.
Mr. Chaudoir appeals from the trial court's judgment contending that it erred in failing to dismiss Mrs. Chaudoir's appeal. Mr. Chaudoir also filed a "MOTION TO CONSOLIDATE APPEALS" in this Court, seeking to consolidate his appeal with that portion of Mrs. Chaudoir's appeal that was reinstated.

MOTION TO CONSOLIDATE APPEALS
The questions involved in these appeals are intimately connected, and, for the interest and convenience of all parties concerned, we think the appeals should be heard and disposed of at one and the same *282 hearing. For this purpose, we have ordered the appeals consolidated. We know of no law or principle, and have been referred to none, which forbids this method of procedure. Nor can we conceive of any injury that Mrs. Chaudoir may suffer by reason of the consideration and disposition by this Court of both appeals simultaneously. See Louque v. Hercules Oil Company, 170 La. 355, 127 So. 866 (La.1929).

ISSUES[1]
(1) Whether the trial court erred in denying Mr. Chaudoir's motion to dismiss Mrs. Chaudoir's appeal on the grounds that she failed to pay the estimated costs of her appeal timely; and,
(2) Whether the trial court erred in failing to award Mrs. Chaudoir legal interest on the amount of alimony and child support it found to be past-due.

MOTION TO DISMISS APPEAL
Mr. Chaudoir contends that the trial court erred in denying his motion to dismiss Mrs. Chaudoir's appeal[2]. He argues that Mrs. Chaudoir's failure to pay the estimated costs of her appeal until approximately 3½ months after said costs were due constitutes more than a mere tardiness, and to allow the appeal would be counter to legislative intent and would make appeals endless. He further argues that plaintiff's counsel at the time was her attorney of record, and that his actions taken with respect to the trial, trial notices, timely filing of documents, etc., are to be imputed to her as if she had personally done them.
LSA-C.C.P. Article 2126 provides, in pertinent part, that:
"If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, upon motion by the clerk or by any party, and after hearing, may:

(1) Extend the time within which the costs may be paid, not to exceed thirty days with or without penalty upon appellant or his attorney; or
(2) Impose a fine, not to exceed one hundred dollars, upon the appellant, or his attorney, or both; or
(3) Dismiss the appeal.
If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.
Amended by Acts 1976, No. 708, § 2; Acts 1977, No. 198, § 2, eff. Jan. 1, 1978; Acts 1978, No. 449, § 1, eff. Jan. 1, 1979." (Emphasis ours.)
Williams v. Aetna Insurance Company, 368 So.2d 1252 (La.App. 4 Cir.1979), presented the first opportunity for appellate consideration of a dismissal of an appeal based on the late payment of the estimated *283 costs of appeal after expiration of the delay period for payment provided by LSA-C.C.P. Article 2126, as amended by Act # 198 of 1977. Williams stated that:
"It is evident that the 1977 amendment to C.C.P. art. 2126, which permits a fine as an alternative to dismissal of the appeal, was designed to provide for flexibility in penalties in recognition of the public policy of this state that appeals are favored and should be maintained whenever possible. Significantly, the amendment also provides for imposition of the penalty on the offender rather than on an innocent person.3 Therefore, fault of the appellant's attorney can no longer reasonably be imputed to the appellant, since there is a separate penalty available when the fault is that of the attorney.

Of course, imposition of some penalty is necessary to insure prompt payment of costs and thus to promote prompt and efficient handling of appeals. However, since maintenance of appeals is always favored, the most extreme penalty of dismissal should be reserved for extreme situations, such as when the appeal has clearly been abandoned or the litigant refuses or fails without justification to pay costs or otherwise to proceed with the appeal, and the fault is therefore clearly that of the appellant." (Emphasis ours.)
We agree with the reasoning set forth in Williams and adopt it as our own. Thus, we find no merit in Mr. Chaudoir's argument that the actions of Mrs. Chaudoir's attorney should be imputed to her.
Mr. Chaudoir cites Bourque v. Singleton, 417 So.2d 77 (La.App. 3 Cir.1982), in support of his argument that Mrs. Chaudoir's failure to pay the estimated costs of her appeal constitutes more than mere tardiness. We find Bourque v. Singleton, supra, to be distinguishable from the action sub judice on its facts.
In Bourque, the estimated costs of appeal were never paid, nor was any attempt made to pay them. In addition, the delays in Bourque were longer. Defendant in Bourque filed a motion and order for appeal on March 14, 1980, which order was signed by the trial court on the same date upon the condition that defendant furnish estimated costs in the amount of $300. The return date of the appeal was May 9, 1980. Subsequently, defendant submitted to the minute clerk of the district court another motion and order for appeal with attached affidavits seeking to appeal in forma pauperis. The trial court refused to execute this new motion and order for appeal. Defendant then attempted to have this Court execute that motion and order, but was advised that the order should be presented to the district court under the provisions of LSA-C.C.P. Article 2126. Finally, on November 24, 1980, counsel for defendant filed a motion for devolutive appeal without payment of costs, which motion was denied by the trial court. It was from this judgment that defendant appealed in Bourque. We affirmed the trial court's judgment noting the inaction of defendant and the long delays that had elapsed between times when defendant did take some action to perfect an appeal.
In the present action, there is no indication that the tardy payment was the fault of Mrs. Chaudoir. Significantly, as in Williams, the costs were paid (although 85 days late) before Mr. Chaudoir had filed his motion to dismiss in the trial court. The fact of payment (although late) and the degree of tardiness are proper circumstances to consider in determining the appropriate penalty. Williams v. Aetna Insurance Co., supra.
Mrs. Chaudoir testified, at the hearing on Mr. Chaudoir's motion to dismiss, that she had told her attorney that she definitely wanted to appeal. She identified a check she had made out to him, which was dated February 24, 1982, and stated that she had personally handed the check to him on that date. She acknowledged that he had told her that she had to pay the estimated costs of her appeal within a certain time period, but stated that she brought the check to him when he asked for it. Her understanding was that she had given her attorney the check within the applicable time period, although he never told her what the actual time periods were.
*284 Under questioning from counsel, retained by her to represent her at this hearing, Mrs. Chaudoir testified that she first learned something was wrong with her appeal approximately one to two months earlier, when she was informed of this by her present attorney. Until then, as far as she knew, "... everything was going along fine with the appeal ...". She stated that the reason she retained a different attorney to represent her at the hearing was to avoid having to pay $60 per hour in travel time incurred for her original attorney to travel between Baton Rouge (where his office is located) and Alexandria (where the hearing on the motion to dismiss was held, and where the attorney representing Mrs. Chaudoir at the hearing maintained her office).
Mrs. Chaudoir, upon the advice of her counsel, then waived the attorney-client privilege. She stated that she first contacted this attorney to see if something could be done about problems that had arisen between herself and Mr. Chaudoir concerning the visitation rights set forth in the trial court's judgment rendered on November 30, 1981. There was no mention made of her pending appeal at this time. It was at a subsequent period in time that she was told by her present attorney that there were some problems with her appeal. Mrs. Chaudoir's attorney then stated to the court that she was first retained by Mrs. Chaudoir to work with her other attorney to see if problems with the visitation rights could be resolved. She had not been retained by Mrs. Chaudoir to represent her at the hearing on the motion to dismiss, although she subsequently did so.
The evidence shows that Mrs. Chaudoir had given her first attorney the check for payment of the estimated costs of her appeal within the delays allowed by law. However, for whatever reason, this attorney failed to pay these costs until May 19, 1982. The trial court, in its oral reasons for judgment, stated that it was obvious that the late payment was not due to the fault of Mrs. Chaudoir. The trial court noted that it had three options under LSA-C.C.P. Article 2126 for handling this matter. It then chose the second option and imposed a fine of $50 on Mrs. Chaudoir's attorney handling her appeal. We agree with the trial court's findings and judgment.

INTEREST ON PAST-DUE ALIMONY AND CHILD SUPPORT
Mrs. Chaudoir contends that the trial court erred in failing to award her legal interest on the alimony and child support it found to be past-due. We agree.
LSA-C.C. Article 1938 provides:
"Art. 1938. Time from which legal interest is due
All debts shall bear interest at the rate of twelve percent per annum from the time they become due, unless otherwise stipulated.
Amended by Acts 1980, No. 402, § 10; Acts 1981, No. 574, § 1; Acts 1981, No. 639, § 1; Acts 1982, No. 142, § 1, eff. July 12, 1982."
LSA-C.C. Article 2924 provides, in pertinent part, that:
"Art. 2924. Rates of legal and conventional interest; usury
Interest is either legal or conventional. Legal interest is fixed at the following rates, to wit:
At twelve percent per annum on all sums which are the object of a judicial demand. Whence this is called judicial interest;
And on sums discounted at banks at the rate established by their charters.
The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows. Prior to September 12, 1980, the rate shall be seven percent per annum. On and after September 12, 1980, until September 11, 1981, the rate shall be ten percent per annum. On and after September 11, 1981, the rate shall be twelve percent per annum."
In Miller v. Miller, 321 So.2d 318 (La. 1975), the Louisiana Supreme Court was confronted with the issue of when interest begins to run on a judgment making pastdue alimony and child support executory. Miller, on page 321, held that:

*285 "In the instant case, there was no debt due at the time of the original suit. Since the due date of each future alimony payment was fixed in the original judgment, we find interest was properly awarded on each such installment from its due date until paid under the clear language of La.C.C. art. 1938: ..."
See also Thompson v. Courville, 372 So.2d 579 (La.App. 3 Cir.1979); and Marshall v. Marshall, 390 So.2d 1365 (La.App. 4 Cir. 1980), remanded on other grounds, 396 So.2d 1329 (La.1981).
We will amend the trial court's judgment on the rules rendered on November 30, 1981, to award Mrs. Chaudoir legal interest on past-due alimony and child support payments.

DECREE
For the above and foregoing reasons:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein awarding unto plaintiff, Mrs. Chaudoir, legal interest on the amount of past-due payments made executory, in accordance with law, from the date on which such payments became due, and until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in all other respects, the judgment rendered in the trial court is affirmed.
All costs of this appeal are assessed against Mr. Chaudoir.
AFFIRMED AS AMENDED.
NOTES
[1] In his "MOTION TO CONSOLIDATE APPEALS", Mr. Chaudoir states that, "... he has heretofore paid in full the principal amount of the past-due alimony and child support which was the subject of the previous appeal (Mrs. Chaudoir's appeal) so that the only issue remaining for the Court's decision is the issue of interest ...". We conclude that Mr. Chaudoir has abandoned the issue raised in his answer to Mrs. Chaudoir's appeal, i.e., whether the trial court erred in awarding Mrs. Chaudoir the sum of $9,300 for past-due alimony and child support.
[2] LSA-C.C.P. Article 2088 provides, in pertinent part, that:

"Art. 2088. Divesting of jurisdiction of trial court
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
. . . . .
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal. Amended by Acts 1964, No. 4, § 1; Acts 1968, No. 128, § 1; Acts 1977, No. 175, § 1, eff. Jan. 1, 1978."