NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1621

TRINITY VAN POPILOWSKI
VERSUS
HOWARD WAYNE WELLS

**********
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 66039-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********
SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

APPEAL DISMISSED.

Alex D. Chapman, Jr.
Attorney at Law
801 W. Lincoln
Ville Platte, LA 70586
(337) 363-2229
COUNSEL FOR PLAINTIFF/APPELLEE:
    Trinity Van Popilowski

Ashley Van Earl
Attorney at Law
58250 Canal Street
Plaquemine, LA 70764
(225) 687-1111
COUNSEL FOR DEFENDANT/APPELLANT:
    Howard Wayne Wells

COOKS, Judge.

This court, *ex proprio motu*, issued a rule for the defendant-appellant, Howard Wayne Wells, to show cause, by brief only, why the appeal in the above captioned case should not be dismissed as having been untimely filed. For the reasons discussed herein, we dismiss the appeal.

On August 15, 2007, the trial court signed a written judgment establishing custody and child support. Notice of judgment was sent to the counsel for the parties on this same date. On September 5, 2007, appellant, through his counsel of record, filed a notice of intent to seek supervisory relief from the trial court's judgment and prayed for the setting of the return date for the writ application. The trial court set October 8, 2007, as the record date for the writ application. However, no writ application was filed.

Subsequently, the same attorney filed a petition for appeal on behalf of appellant on October 5, 2007. The trial court signed the order granting the appeal on October 15, 2007.

Upon the lodging of the record in this appeal on December 28, 2007, this court issued a rule for the appellate to show cause, by brief only, why his appeal should not be dismissed as having been untimely taken. The appellant filed his brief with this court on January 16, 2008.

The appellant admits that the motion for appeal was untimely filed pursuant to La.Code Civ.P. arts. 3942 and 3943. Nevertheless, the appellant asks that this court not dismiss his appeal based on the error of his attorney of record. Moreover, appellant contends that this court should afford the appellant an untimely appeal because the judgment at issue pertains to custody, and he argues that an action for malpractice against his attorney will not afford

1

him relief from the custody ruling which he claims was entered contrary to the law. Additionally, the appellant seeks to have this court consider the fact that since his attorney filed a motion seeking the setting of the return date on a writ application within the delays for timely filing a motion for appeal and since the motion for appeal was filed with the trial court before the expiration to the record date for the filing of the writ application, this appeal should be considered timely taken even though no writ application was filed with this court following the trial court's setting of the return date.

The appellant cites this court to cases in which this appellate court maintained appeals despite the untimely actions of the appellant's counsel. However, this court finds the cases cited by the appellant distinguishable from the instant case.

Thus, in *Litton v. Litton*, 2003-1615 (La.App. 3 Cir. 7/14/04), 879 So.2d 907, this court reinstated an appeal which had previously been dismissed due to the appellant's counsel's failure to file the appellant's brief timely. Also, in *Chaudoir v. Chaudoir*, 430 So.2d 280 (La.App. 3 Cir. 1983), this court maintained an appeal even though appellant's counsel had failed to pay the costs for the preparation of the record timely. However, in neither of these cases did the failure of the appellant's attorney to act timely result in a jurisdictional defect in the perfection of the appeal.

Thus, in the instant case, the petition for appeal was not filed within the thirty day time delay set forth in La.Code Civ.P. arts. 3942 and 3943. This court has held that the failure to file a timely motion for appeal is a jurisdictional defect and that this time limitation cannot be extended by the trial court, the appellate court, nor the parties. *See State ex rel. E.A.*, 2002-996

2

(La.App. 3 Cir. 10/2/02), 827 So.2d 594. While the procedures at issue in the foregoing case were those of the Louisiana Juvenile Code, this court notes that the issue presented in that case was the termination of the mother's parental rights. In spite of the gravity of the issue presented and even though the appellee, the State of Louisiana, had expressed the position that it would not oppose the mother's appeal on a timeliness basis, this court held that the untimely appeal could not be permitted to go forward. Thus, we find unpersuasive appellant's request in the instant case that since the issue presented is child custody, this court should permit the appeal to go forward regardless of the untimely filing of the motion for appeal.

Unlike the facts of *State ex rel. E.A.*, in the instant case, the appellant's counsel had filed a motion seeking a return date for the filing of a writ application within the delays for seeking an appeal. However, as discussed above, the appellant did not file a writ application with this court. Moreover, this court has held that an application for supervisory writs does not extend the delays for seeking a timely appeal. *See Guillory v. Hartford Ins. Co.*, 383 So.2d 144 (La.App. 3 Cir. 1980). Therefore, we find that in the instant case, the order setting the record date cannot be construed as the timely filing of a motion for appeal. Since no timely motion for appeal was filed in this case, we hereby dismiss the appeal at appellant's cost.

**APPEAL DISMISSED.**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.

Rule 2-16.3 Uniform Rules, Court of Appeal.

3